Electronically Filed
Intermediate Court of Appeals
CAAP-12-0000819
23-AUG-2013
09:46 AM

NO. CAAP-12-0000819

IN THE INTERMEDIATE COURT OF APPEALS

OF THE STATE OF HAWAIʻI


KRISHNA NARAYAN; SHERRIE NARAYAN; VIRENDRA NATH;
NANCY MAKOWSKI; KEITH MACDONALD AS CO-TRUSTEE FOR THE DKM
TRUST DATED OCTOBER 7, 2011; SIMON YOO; SUMIYO SAKAGUCHI;
SUSAN RENTON, AS TRUSTEE FOR THE RENTON FAMILY TRUST
DATED 12/3/09; STEPHEN XIANG PANG; FAYE WU LIU;
MASSY MEHDIPOUR AS TRUSTEE FOR MASSY MEHDIPOUR
TRUST DATED JUNE 21, 2006; G. NICHOLAS SMITH;
TRISTINE SMITH; RITZ 1303 RE, LLC, A COLORADO LIMITED
LIABILITY COMPANY; AND BRADLEY CHAFFEE AS TRUSTEE OF
THE CHARLES V. CHAFFEE BRC STOCK TRUST DATED 12/1/99 AND
THE CLIFFORD W. CHAFFEE BRC STOCK TRUST DATED 1/4/98,
Plaintiffs-Appellees,
v.
THE RITZ-CARLTON DEVELOPMENT COMPANY, INC.;
THE RITZ-CARLTON MANAGEMENT COMPANY, LLC;
JOHN ALBERT; EDGAR GUM,
Defendants-Appellants,

MARRIOTT INTERNATIONAL, INC.; MAUI LAND & PINEAPPLE CO.,
INC.; EXCLUSIVE RESORTS, LLC; KAPALUA BAY, LLC;
ASSOCIATION OF APARTMENT OWNERS OF KAPALUA BAY CONDOMINIUM;
CAROLINE PETERS BELSOM; CATHY ROSS; ROBERT PARSONS; RYAN
CHURCHILL; AND JOHN DOES 1-10,
Defendants-Appellees

APPEAL FROM THE CIRCUIT COURT OF THE SECOND CIRCUIT
(CIVIL NO. 12-1-0586(3))

MEMORANDUM OPINION
(By: Foley, Presiding J., Reifurth and Ginoza, JJ.)

Defendants-Appellants The Ritz-Carlton Development
Company, Inc.; The Ritz-Carlton Management Company, LLC; John

Albert; and Edgar Gum (Defendants) appeal from the August 28, 2012 "Order Denying Defendants The Ritz-Carlton Development Company, Inc., The Ritz-Carlton Management Company, L.L.C., John Albert and Edgar Gum's Motion To Compel Arbitration And To Dismiss, Or Alternatively, Stay Proceedings Pending Arbitration" entered in the Circuit Court of the Second Circuit[1] (circuit court). On appeal, Defendants contend the circuit court erred in denying their motion to compel arbitration.

## I. BACKGROUND

This appeal arises out of a dispute concerning the development of The Ritz-Carlton Residences at Kapalua Bay (Project), a residential development project in Lahaina, Maui. Plaintiffs-Appellees Krishna Narayan, et al. (Plaintiffs) are individual owners of whole ownership units at the Project. On June 7, 2012, Plaintiffs filed a complaint in the circuit court against Defendants and several other defendants who are not a party to this appeal. Plaintiffs' complaint alleged the Defendants defaulted on loans encumbering the Project, left the Project and its owners' association underfunded, and failed to adequately respond to Plaintiffs' requests for information. Plaintiffs asserted claims against all Defendants for (1) breach of fiduciary duty, (2) denial of access to the owners' association's books and records, and (3) injunctive and declaratory relief.

On July 5, 2012, Defendants filed their "Motion To Compel Arbitration And To Dismiss, Or Alternatively, Stay Proceedings Pending Arbitration." Defendants argued that certain written arbitration provisions mandated sending Plaintiffs' claims to arbitration. The "Declaration of Condominium Property Regime of Kapalua Bay Condominium" (Declaration) states, in pertinent part:

---

[1] The Honorable Joseph E. Cardoza presided.

2

XXXIII. ALTERNATIVE DISPUTE RESOLUTION.

> In the event of the occurrence or claim arising out of, or related to, this Declaration . . . ("dispute"), if the dispute cannot be resolved by negotiation, the parties to the dispute agree to submit the dispute to mediation[.] . . . If the dispute is not resolved through mediation, the dispute shall be resolved by arbitration pursuant to this Article and the then-current rules and supervision of the American Arbitration Association. The duties to mediate hereunder shall extend to any officer, employee, shareholder, principal[.]
> . . . .
>
> Issues of arbitrability shall be determined in accordance with the federal substantive and procedural laws relating to arbitration; all other aspects of the dispute shall be interpreted in accordance with . . . the substantive laws of the State of Hawaii.

The circuit court held a hearing on the Motion to Compel Arbitration on August 8, 2012, orally denied the motion at the hearing's conclusion, and entered its order denying the motion on August 28, 2012. Neither the hearing transcript nor the written order states the circuit court's grounds for its decision. Defendants filed a timely notice of appeal from the order on September 26, 2012.

## II. STANDARD OF REVIEW

> A petition to compel arbitration is reviewed de novo. The standard is the same as that which would be applicable to a motion for summary judgment, and the trial court's decision is reviewed using the same standard employed by the trial court and based upon the same evidentiary materials as were before it in determination of the motion.

Sher v. Cella, 114 Hawaiʻi 263, 266, 160 P.3d 1250, 1253 (App. 2007) (quoting Douglass v. Pflueger Hawaii, Inc., 110 Hawaiʻi 520, 524-25, 135 P.3d 129, 133-34 (2006)).

## III. DISCUSSION

"[W]hen presented with a motion to compel arbitration, the court is limited to answering two questions: 1) whether an arbitration agreement exists between the parties; and 2) if so, whether the subject matter of the dispute is arbitrable under such agreement." Brown v. KFC Nat'l Mgmt. Co., 82 Hawaiʻi 226, 238, 921 P.2d 146, 158 (1996). Defendants contend the

3

arbitration clause in the Declaration required arbitration of Plaintiffs' claims. Plaintiffs respond that (1) the Declaration's arbitration provision is unenforceable because of ambiguity; (2) even if there is an unambiguous agreement to arbitrate, Plaintiffs' claims are not within the scope of that agreement; and (3) the Declaration's arbitration provision is unconscionable.

When interpreting an arbitration agreement governed by the Federal Arbitration Act, as in this case, we "apply[] general state-law principles of contract interpretation, while giving due regard to the federal policy in favor of arbitration by resolving ambiguities as to the scope of arbitration in favor of arbitration." Wagner v. Stratton Oakmont, Inc., 83 F.3d 1046, 1049 (9th Cir. 1996). To be valid and enforceable, an arbitration agreement must be unambiguous as to the intent to submit disputes to arbitration. Douglass, 110 Hawai'i at 531, 135 P.3d at 140. "As with any contract, the parties' intentions control, but those intentions are generously construed as to issues of arbitrability." Lee v. Heftel, 81 Hawai'i 1, 4, 911 P.2d 721, 724 (1996) (internal quotation marks and brackets omitted).

A.      Whether An Arbitration Agreement Exists

There is no dispute that the Declaration in general is binding on Plaintiffs and that it contains an arbitration provision that is unambiguous on its face. Cf. Douglass, 110 Hawai'i at 532-33, 135 P.3d at 141-42 (concluding employee was not bound by arbitration provision contained in an employee handbook described as "guidelines" that "do not create a contract"). But Plaintiffs argue the Declaration's arbitration provision is unenforceable because language in the "Bylaws Of Association Of Apartment Owners Of Kapalua Bay Condominium" (Bylaws), their purchase agreements, and the condominium's public report create ambiguity as to whether the parties intended to

4

submit their disputes to arbitration. We conclude nothing in the language Plaintiffs cite vitiates the Declaration's arbitration provision.

Unlike the Declaration, the Bylaws do not contain a section on dispute resolution procedures. Plaintiffs instead rely on a section titled "Abatement And Enjoinment Of Violations By Apartment Owners," which states that the board of directors may initiate "appropriate legal proceedings, either at law or in equity[.]" Although the Hawai'i Supreme Court has concluded that such language may create ambiguity regarding the parties' intent to arbitrate, see Luke v. Gentry Realty, Ltd., 105 Hawai'i 241, 249, 96 P.3d 261, 269 (2004), here, that language specifically applies to the board of directors and against owners and does not apply to Plaintiffs' claims.

The Bylaws also refer to an owner's ability to bring an "action." The Bylaws state, in pertinent part:

Section 6. **ATTORNEYS' FEES AND EXPENSES OF ENFORCEMENT.**

. . . .

b. If any claim by an Owner is substantiated in any action against the Association, any of its officers or directors or its Board to enforce any provision of the Declaration, these Bylaws, the House Rules or the Act, then all reasonable and necessary expenses, costs and attorneys' fees incurred by such Owner shall be awarded to such Owner[.]

Plaintiffs argue the term "action" refers solely to legal proceedings in court and irreconcilably conflicts with the Declaration's arbitration clause, creating ambiguity.

We interpret contracts so as to give reasonable and effective meaning to all terms. Cnty. of Hawai'i v. UNIDEV, LLC, 129 Hawai'i 378, 395, 301 P.3d 588, 605 (2013). Assuming arguendo that Plaintiffs' definition of "action" is correct, the Bylaws' attorneys' fees provision can be understood as complementary to the arbitration clause. Under the Declaration's arbitration clause, a party may still seek relief in court in certain circumstances. The arbitration clause itself admits the

possibility of litigation in court, stating: "Notwithstanding anything to the contrary in this Article, . . . [a] party may seek temporary injunctive relief from any court of competent jurisdiction pending appointment of an arbitrator." A party may also file suit to enforce an arbitral award or to challenge the validity or application of the arbitration agreement. We interpret the Declaration and the Bylaws to mean that the parties are generally required to arbitrate consistent with the Declaration, but the Bylaws governs the award of attorneys' fees if a party litigates in court the limited disputes that are not subject to arbitration.

Plaintiffs' arguments based on the condominium public report and the purchase agreement language are similarly unpersuasive. The public report states: "The provisions of [the Declaration and the Bylaws] are intended to be, and in most cases are, enforceable in a court of law[,]" and the purchase agreement states: "Venue for any cause of action brought by Purchaser hereunder shall be in the Second Circuit Court, State of Hawaii." Because arbitration awards are "enforceable in a court of law," e.g., Krystoff v. Kalama Land Co., Ltd., 88 Hawai'i 209, 213-14, 965 P.2d 142, 146-47 (1998), the language can be reconciled with the arbitration clause rather than revoking it. E.g., Bank Julius Baer & Co., Ltd. v. Waxfield Ltd., 424 F.3d 278, 284 (2d Cir. 2005) (concluding a forum selection clause in one agreement did not foreclose applying an arbitration clause contained in another agreement); Pers. Sec. & Safety Sys. Inc. v. Motorola Inc., 297 F.3d 388, 395 (5th Cir. 2002) (same).

B.      Whether The Subject Matter Of This Dispute Is
        Arbitrable

Plaintiffs argue their claims arise out of the Bylaws, not from the Declaration. Therefore, the issue is whether Plaintiffs' claims are within the scope of the Declaration's provision requiring arbitration "[i]n the event of the occurrence

6

of any controversy or claim <u>arising out of, or related to</u>, th[e] Declaration" (emphasis added).

Consistent with the strong state and federal policy favoring arbitration, arbitration "should not be denied unless it may be said with positive assurance that the arbitration clause is not susceptible of an interpretation that covers the asserted dispute." <u>AT & T Technologies, Inc. v. Commc'ns Workers of Am.</u>, 475 U.S. 643, 650 (1986); <u>see also</u> <u>UNIDEV</u>, 129 Hawai'i at 394, 301 P.3d at 604. In <u>UNIDEV</u>, the Hawai'i Supreme Court held that an arbitration provision containing "arising under" language constitutes a "general" arbitration clause whose scope is broad. <u>Id.</u> at 395, 301 P.3d at 605. The supreme court concluded that the clause's general language and "[t]he failure of the parties to unambiguously limit the arbitrability of disputes suggests that they intended a longer reach for the arbitration clauses." <u>Id.</u> at 396, 911 P.2d at 606. The court also noted federal courts have uniformly concluded that language such as "arising out of or relating to" should be interpreted broadly. <u>Id.</u> at 395, 301 P.3d at 605. Given that the arbitration provision in this case uses the "arising out of, or related to" language, we conclude the clause governs a broad range of disputes relating to the Declaration.

"Whether a claim falls within the scope of an arbitration agreement turns on the factual allegations in the complaint." <u>UNIDEV</u>, 129 Hawai'i at 396, 301 P.3d at 606. Here, Plaintiffs' claims are based on allegations that the Defendants improperly failed to inform Plaintiffs of the Project developer's default on loans encumbering the Project, abandoned the Project, improperly withdrew from the owners' association's funds, and assessed the Project's operational expenses on Plaintiffs.

We conclude Plaintiffs' claims are subject to the Declaration's broad arbitration clause. The Declaration establishes the Project's existence, and it states its provisions

7

"shall constitute covenants running with the land" and are "binding . . . upon the Developer, its successors and permitted assigns, and all subsequent owners" of the Project. The Declaration defines key terms used in the Declaration and the Bylaws, including the owners' association, the board of directors, and the managing agent. It vests the Project's administration in the owners' association and sets forth the association's powers and obligations, including the power to assess the Project's expenses on owners.

Thus, Plaintiffs' claims "arise out of the relationship between the parties" created by the Declaration. UNIDEV, 129 Hawai'i at 397, 301 P.3d at 607. The Declaration initiated the Project's development and is essential to the overall dispute: without the Declaration, Plaintiffs' claims would not exist. The Declaration is specifically referenced throughout the Bylaws, and the Bylaws state the Declaration governs to the extent there is any conflict between the two. Because the parties inserted a broad arbitration clause in an agreement that is essential to and governs the Bylaws, we presume the parties intended the clause to reach disputes that implicate the Bylaws. The failure to insert a dispute resolution section in the Bylaws further demonstrates this intent. Therefore, Plaintiffs' claims fall within the arbitration clause's scope.

C.        Whether The Arbitration Clause Is Unconscionable

Plaintiffs argue that even if their claims are within the Declaration's arbitration provision, the provision is an unenforceable adhesion contract. Under Hawai'i law, a contract is an unenforceable contract of adhesion where (1) the party seeking to avoid enforcement had no viable alternative source to obtain the services contracted for, and (2) the contract unconscionably advantages the stronger party. Brown, 82 Hawai'i at 247, 921 P.2d at 167.

8

Although we have not addressed whether real property contracts constitute contracts of adhesion, our courts have concluded home mortgages are not contracts of adhesion because other sources of mortgage loans are available. Aames Capital Corp. v. Hernando, No. 26706 (Apr. 17, 2006) (SDO) ("The mortgage containing the power of sale clause was not an unenforceable contract of adhesion because there is no evidence that Aames was the only source of home mortgage loans in Kauai or that the power of sale clause was unconscionable."); Pascua v. U.S. Bank Nat'l Ass'n, No. 25596 (App. Sept. 29, 2004) (SDO) ("[I]t is abundantly clear that the [plaintiffs] were not forced to apply for a mortgage loan from [lender] . . . . amidst the myriad mortgage lenders we notice were available to them." (internal quotation marks, citations, and brackets omitted)). At least one other jurisdiction has held that a pre-printed home purchase contract provided by a developer is not a contract of adhesion because purchasers can seek other, more attractive contracts. State ex rel. Vincent v. Schneider, 194 S.W.3d 853, 857-58. (Mo. 2006); cf. Aguiar v. Hawaii Hous. Auth., 55 Haw. 478, 498, 522 P.2d 1255, 1268 (1974) ("[T]he public housing lease is the epitome of a contract of adhesion. . . . An applicant for public housing has no choice but to adhere to the dictated terms; if he objects he remains in, or is relegated to, private slum housing.").

There is no factual basis to conclude that the contracts in this case were contracts of adhesion. Nothing in the record indicates Plaintiffs were subjected to "oppression" or a lack of all meaningful choice; individual homeowners could elect to buy property subject to the recorded Declaration and the arbitration clause, or not.

Moreover, Plaintiffs fail to show that the arbitration provision is unconscionable. Unconscionability in the context of arbitration agreements requires a showing of both a procedural and substantive element of unconscionability. Brown, 82 Hawai'i

9

at 247, 921 P.2d at 167; Ass'n of Apartment Owners of Waikoloa Beach Villas ex rel. Bd. of Directors v. Sunstone Waikoloa, LLC, 129 Hawai'i 117, 121-22, 295 P.3d 987, 991-92 (2013), aff'd in part, vacated in part on other grounds, SCWC-11-0000998, 2013 WL 3364390 (Haw. June 28, 2013) (Waikoloa Beach Villas); see also Branco v. Norwest Bank Minnesota, N.A., 381 F. Supp. 2d 1274, 1280 (D. Haw. 2005).

In Waikoloa Beach Villas, this court concluded an arbitration provision in a declaration was not procedurally unconscionable against an owners' association because there was no showing of oppression or unfair surprise. Waikoloa Beach Villas, 129 Hawai'i at 122, 295 P.3d at 992. The same reasoning applies here. The record in this case shows Plaintiffs received reasonable notice of the arbitration provision. The arbitration clause's heading "**ALTERNATIVE DISPUTE RESOLUTION**" is written in bolded, capitalized letters, and the clause covers one page of the Declaration. Each purchaser acknowledged receipt of the Declaration and the "full and complete opportunity to read, review and examine" it. Each purchaser also acknowledged they had received the developer's public report, which disclosed material facts regarding the Project and advised purchasers to "[s]tudy the [P]roject's Declaration[.]" Finally, purchasers were informed of their statutory right to cancel their purchase agreement within thirty days after receiving the public report. See Hawaii Revised Statutes §§ 514A-36, 514A-62 (2006 Repl.). Thus, there is no element of unfair surprise or oppression in Plaintiffs' transaction, and the arbitration clause is not unconscionable and is enforceable against Plaintiffs.

### IV. CONCLUSION

Based on the foregoing, we vacate the Circuit Court of the Second Circuit's August 28, 2012 "Order Denying Defendants The Ritz-Carlton Development Company, Inc., The Ritz-Carlton Management Company, L.L.C., John Albert and Edgar Gum's Motion To

Compel Arbitration And To Dismiss, Or Alternatively, Stay Proceedings Pending Arbitration" and remand this case for further proceedings.

DATED: Honolulu, Hawai'i, August 23, 2013.

On the briefs:

Lisa W. Cataldo
R. John Seibert
(McCorriston Miller Mukai
MacKinnion)
and
Bert T. Kobayashi, Jr.
Lex R. Smith
Joseph A. Stewart
(Kobayashi, Sugita & Goda)
for Defendants-Appellants.

Terence J. O'Toole
Judith Ann Pavey
Andrew J. Lautenbach
(Starn O'Toole Marcus &
Fisher)
for Plaintiffs-Appellees.

Presiding Judge

Associate Judge

Associate Judge

11